IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| v. | §   Criminal No. **3:14-CR-391-L** |
| | § |
| **JULIE GRANT** | § |

## MEMORANDUM OPINION AND ORDER

Before the court are the following pretrial motions filed by Defendant Julie Grant ("Defendant" or "Grant") on December 15, 2014: Defendant's Opposed Motion to Dismiss the Indictment[*] (Doc. 26) and Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 27). After considering the motions, the Government's responses, the record, and applicable law, the court **denies** Defendant's Opposed Motion to Dismiss the Indictment (Doc. 26); and **grants in part and denies in part** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 27). Specifically, with respect to the motion to strike, the court **denies** Defendant's request to strike the allegations in paragraphs two and three of the introduction to the Indictment concerning Defendant's October 2008, March 2009, and July 2009 bankruptcy filings, and **grants** Defendant's request to strike references to aliases in the Indictment.

---

[*] As the court was finalizing its order on Defendant's motions, the Government filed a superseding Indictment (Doc. 32) on January 6, 2015. The court has compared the original and superseding Indictments and was only able to discern minor changes in the superseding Indictment. Four of the seven aliases in the original Indictment were deleted and one of the aliases was revised from "Juliana Okwuenu Jacobs" to "Juliana Okwuenu." *Compare* Indictment 1 (Doc. 1), with Indictment 1 (Doc. 32). These changes do not affect the court's determination as Defendant's motions. The court therefore rules on Defendants' motions in light of the superseding Indictment and all references herein to the Indictment refer to the superseding Indictment.

**Memorandum Opinion and Order – Page 1**

I.      **Motion to Dismiss the Indictment**

Defendant contends that the Indictment should be dismissed because Counts Two and Four of the Indictment fail to state a federal offense and Counts One and Three charge one crime but allege a different culpable act and therefore fail to adequately charge the crime alleged to have been committed by her.

All four counts of the Indictment allege offenses under 18 U.S.C. § 152(3). Section 152 applies to concealment of assets; false oaths and claims; and bribery in connection with a case under title 11 of the Bankruptcy Code. 18 U.S.C. § 152(1)-(3). Section 152(3) provides that "[a] person who . . . (3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11 . . . shall be fined under this title, imprisoned not more than 5 years, or both." 18 U.S.C. § 152(3). Counts One and Three allege that Grant knowingly and fraudulently made a material false statements under penalty of perjury in two prior cases by filing voluntary bankruptcy petitions in which she failed to disclose all prior bankruptcy cases filed within the last eight years. Counts Two and Four allege that Grant knowingly and fraudulently made material false statements under penalty of perjury in two prior bankruptcy cases by failing to disclose, in Official Form B-21, all social security numbers ever used by her.

A.      **Defendant's Contentions**

Defendant contends with respect to all four counts that, while concealment of property is an element under section 152(1), fraudulent concealment of information or omissions under section 152(3) is insufficient. Defendant contends that unlike section 152(1), section 152(3) requires an affirmative false statement. For support, Defendant relies on *United States v. Cluck*, 143 F.3d 174,

179 (5th Cir. 1998); and *United States v. Spurlin*, 664 F.3d 954, 965 (5th Cir. 2011).  Defendant further asserts that Official Form B-21 does not require disclosure of any social security number previously "used" but instead merely requires disclosure of the social security number a debtor currently "has."  Def.'s Mot. to Dismiss 3.  Based on the language in Official Form B-21 and Bankruptcy Rule 1007(f), Defendant contends that she was only required to disclose her current, actual social security number and was not required to inform the court of any other social security numbers that she may have used in the past.

### B.  Government's Response

The Government responds that Defendant's position is not supported by law.  Based on *United States v. Ellis*, 50 F.3d 419 (7th Cir.), *cert. denied*, 516 U.S. 849 (1995), the Government contends that false statements in the form of omissions can form the basis for a violation of section 152(3).  The Government also argues by analogy that false statements in the form of omissions are actionable under section 152(3) for the same reason they are actionable under 18 U.S.C. § 1001(a)(1), applicable to false statements made to a federal agency, and 18 U.S.C. §§ 1341, 1343 and 1344, which apply to mail, wire, and bank fraud.  The Government also points to the Fifth Circuit's pattern jury instructions for mail, wire, and bank fraud, which define a false representation to include a half truth or the omission or concealment of a material fact.

### C.  Discussion

Defendant's motion to dismiss for failure to state an offense is made pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).  "[A] motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment" and requires the court to "take the allegations of the indictment as true and to determine whether an offense has been stated."  *United*

*States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (citation and footnote omitted). The court in *Kay* explained:

> [I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which [s]he is charged. The test for sufficiency is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards; namely, that it [(1)] contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which [s]he must defend, and [(2)], enable[ ] h[er] to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Id.* (internal citations, quotation marks, and footnotes omitted).

Applying this standard, the court concludes that neither the cases cited by Grant nor Official Form B-21 support her position and motion to dismiss for failure to state an offense. Official Form B-21 is a "Statement of Social-Security Numbers(s)" and directs the debtor to check the appropriate box, the first of which clearly states: "Debtor has a Social-Security Number and it is: _____. *(If more than one, state all.)*" Def.'s Mot. to Dismiss, Ex. A (Doc. 26-1). The court was unable to find any authority interpreting the quoted language in Official Form B-21 as Grant suggests and her proposed interpretation would seem to defeat the form's apparent purpose of obtaining information regarding all social security numbers used by a bankruptcy debtor, whether presently or in the past. Moreover, any question regarding Grant's intent, that is, whether she believed that Official Form B-21 required her to provide only the social security number(s) that she was using when she completed and signed the form, is an issue for the jury to decide and not a basis for dismissing the Indictment for failure to state an offense.

Additionally, unlike this case, the cases relied on by Grant addressed whether charging the same conduct under both section 152(1) and section 152(3) was multiplicitous. Grant correctly notes that the Fifth Circuit in both cases concluded that concealment is not an element of a section 152(3)

**Memorandum Opinion and Order – Page 4**

violation; however, neither case supports her contention that fraudulent concealment or a knowing omission cannot form the basis of an offense under section 152(3). Further, while the court was unable to find any Fifth Circuit case that has directly addressed whether fraudulent concealment or a knowing omission can support an offense under section 152(3), the court, in *United States v. Theall*, 525 F. App'x 256 (5th Cir. May 29, 2013), implied that fraudulent statements in the form of concealment or omissions are actionable under section 152(3):

> Count 1 charged Thad and Theresa with making a false statement under penalty of perjury in violation of 18 U.S.C. § 152(3), and was based on their failure to disclose the sale of the Ambassador building and the $15,000 promissory note in their bankruptcy petition. To obtain a conviction, the Government had to show that the Thealls "knowingly and fraudulently" failed to disclose that information. *See* § 152(3).

*Id.* at 265. Accordingly, even taking the allegations of the Indictment as true, the court concludes that an offense under section 152(3) has been stated. The court therefore **denies** Defendant's Opposed Motion to Dismiss the Indictment.

## II.   Motion to Strike Prejudicial Surplusage from the Indictment

Defendant requests that the court strike, as "irrelevant, inflammatory, and prejudicial," allegations contained in the introduction of the Indictment concerning prior bankruptcy filings and allegations in the Indictment regarding the aliases that she has allegedly used in the past. Def.'s Mot. to Strike 3 (quoting *United States v. Braves*, 5 F.3d 1546, 1550 (5th Cir. 1993)).

### A.   Prior Bankruptcy Filings

Defendant contends that references in paragraphs two and three of the Indictment regarding the bankruptcy petitions she filed in October 2008, March 2009, and July 2009, are irrelevant to whether, as alleged in Counts One and Three, she failed to disclose prior bankruptcies in bankruptcy petitions she filed in December 2009 and August 2011. Defendant contends that she cannot be

prosecuted for any conduct in connection with these earlier bankruptcy filings because the statute of limitations has elapsed. Defendant nevertheless maintains that the inclusion of these prior bankruptcies and the Government's allegation that she previously engaged in similar conduct by failing to disclose prior bankruptcy filings in her October 2008, March 2009, and July 2009 petitions require her to prepare a defense to such allegations without protection against double jeopardy.

Defendant contends that, even assuming as the Government contends that she was required to disclose all prior bankruptcies in her December 2009 and August 2011 bankruptcy petitions, it is irrelevant whether those prior filings were meritorious or fraudulent, and there is no legitimate reason to include the alleged falsehoods in the introduction of the Indictment. To the extent the Government intends to present evidence at trial of the alleged false statements in the October 2008, March 2009, and July 2009 petitions, Defendant objects, pursuant to Federal Rules of Criminal Evidence 403 and 404, to the introduction and admission of such evidence. Defendant contends that the Government should not be able to side-step the protections afforded by Rules 403 and 404 by including irrelevant and prejudicial surplusage in the Indictment.

The Government disagrees and responds that Grant's extensive bankruptcy history is relevant to show that she was very familiar with the bankruptcy process from 2008 through 2011, and that her failure to disclose her prior bankruptcy cases was not likely due to a good faith mistake or simple oversight. The Government therefore contends that the prior bankruptcy filings are relevant to assist the jury in evaluating whether Grant had the requisite criminal intent in the four counts charged in the Indictment. The Government also contends that the prior bankruptcy filings are admissible and relevant to prove Grant's knowledge and plan. The Government notes that it will argue at trial that Grant's March and July 2009 bankruptcy petitions contained false statements and gives notice, pursuant to Federal Rule of Evidence 404, that it will offer these bankruptcy petitions into evidence.

The Government further asserts that, while the Indictment alleges that Grant made false statements in the prior bankruptcy filings at issue, it does not include all allegations necessary to support an additional or distinct offense. The Government therefore contends that Defendant's argument regarding additional offenses and double jeopardy is not a proper basis for removing such allegations from the Indictment.

"To strike surplusage, the language in the indictment must be irrelevant, inflammatory, and prejudicial." *United States v. Bernegger*, 661 F.3d 232, 240 n.2 (5th Cir. 2011) (citation and internal quotation marks omitted). Federal Rule of Criminal Evidence 404 states that character evidence, and evidence of other crimes and acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Accordingly, the court agrees with the Government that evidence regarding the bankruptcy petitions Grant filed in October 2008, March 2009, and July 2009 are relevant and admissible under Rule 404 for any of the foregoing purposes. Moreover, Counts One and Three specifically allege that Grant violated section 152(3) by failing to disclose the October 2008 and March 2009 bankruptcies in her December 2009 and August 2011 petitions. The court therefore concludes that Grant has not established that the inclusion of these bankruptcies in the Indictment is irrelevant, inflammatory, and prejudicial. *See id.* The court also disagrees with Defendant's assertion that the references in the introduction of the Indictment to the October 2008, March 2009, and July 2009 bankruptcies is sufficient to state an offense for these bankruptcies separate and apart from that charged for the December 2009 and August 2011 bankruptcies. Accordingly, the court **denies** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment with respect to the allegations in paragraphs two and three of the introduction to the Indictment concerning Grant's October 2008, March 2009, and July 2009 bankruptcy filings and **overrules** her Rule 404 objection.

Regarding Defendant's objection made pursuant to Federal Rule of Criminal Evidence 403, that any probative value of the October 2008, March 2009, and July 2009 petitions is outweighed by unfair prejudice, the court determines that any risk of prejudice or confusion can be cured by providing a limiting instruction to the jury that Grant is not on trial for any alleged wrongdoing in connection with the October 2008, March 2009, and July 2009 petitions, and that the jurors may only consider such evidence to evaluate her "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Crim. Evid. 404. The court therefore **overrules** Defendant's Rule 403 objection.

### B. Aliases

Defendant contends that the references in the Indictment to aliases allegedly used by her in the past are irrelevant to any of the counts in the Indictment. Defendant contends that the aliases were not used in her December 2009 and August 2011 bankruptcy filings and are not necessary to identify her. Defendant maintains that the only conceivable reason for including the aliases in the Indictment is to give the jury the impression that she has tried to conceal her identity in the past or has something to hide.

The Government denies that it included the aliases in the Indictment to prejudice Grant or give the jury the impression that she has something to hide. The Government contends that evidence of the aliases may be necessary to establish the identity of Grant but it cannot say with certainty at this time which of the aliases, if any, it will introduce at trial for this purpose. The Government requests that the court defer ruling on Defendant's motion to strike the aliases until it is clear what evidence will actually be introduced at trial. The Government asserts that, if it does not use all of the names at trial, Defendant can renew her motion to strike the aliases at the close of

the Government's case, and the court can strike any aliases not admitted into evidence and give the jury an appropriate curative instruction.

The Government does not explain why any of the aliases are necessary to identify Defendant. Although the Government asserts in its response that one of the aliases was used in two bankruptcy cases in 2008 in a Certificate of Counseling and another alias was listed in a 2009 bankruptcy case, there is no indication that these bankruptcy cases pertain to the previously discussed October 2008, March 2009, and July 2009 bankruptcy filings or the December 2009 and August 2011 bankruptcy filings at issue in this case. Inclusion of the aliases in the Indictment therefore serves no useful purpose. Likewise, the relevance of the third alias referenced in the Indictment is not apparent. Moreover, the court determines that the inclusion of the aliases in the Indictment would be inflammatory and prejudicial despite the Government's assertion that there are sometimes legitimate reasons for using aliases and Grant will be able to present any such reasons to the jury.

The court therefore **grants** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment with respect to the aliases and **strikes** all references to aliases in the Indictment. Prior to introduction of the Indictment at trial, the Government **shall redact** the following language from the Indictment: "[also known as 'Juliana Jacobs Grant', 'Juliana Okwue Jacobs Grant', and 'Juliana Okwuenu']".

### III.   Conclusion

For the reasons explained, the court **denies** Defendant's Opposed Motion to Dismiss the Indictment (Doc. 26); and **grants in part and denies in part** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment (Doc. 27). With respect to the allegations in paragraphs two and three of the introduction to the Indictment concerning Defendant's October 2008, March

2009, and July 2009 bankruptcy filings, the court **denies** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment and **overrules**, at this point, Defendant's objections to this evidence, which were made pursuant to Federal Rules of Criminal Evidence 403 and 404.

With respect to aliases, the court **grants** Defendant's Opposed Motion to Strike Prejudicial Surplusage from the Indictment and **strikes** all references to aliases in the Indictment.  Prior to introduction of the Indictment at trial, the Government **shall redact** the following language from the Indictment: "[also known as 'Juliana Jacobs Grant', 'Juliana Okwue Jacobs Grant', and 'Juliana Okwuenu']". *Further, if the Government continues to maintain that one or more of the three aliases referenced in the superseding Indictment are necessary to identify Defendant or relevant for another reason and wishes to introduce evidence of the aliases at trial, it must do so in a manner that will allow for argument by the parties and a ruling by the court on the matter outside the presence of the jury.*

**It is so ordered** this 26th day of January, 2015.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge